IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ismail Dickerson, # 15434, | C/A No.1:10-1625-TLW-SVH |
| Plaintiff, | |
| vs. | |
| | Report and Recommendation |
| City of Charleston Police Department; | (partial summary dismissal) |
| Officer Sgt. L. Reed; | |
| Officer B. Wanamaker; | |
| Officer Galluccio; | |
| Officer Riccio; | |
| Officer Ambrose; | |
| K9-SPO, Officer Pitchford; | |
| K9-SPO, Officer O'Dell; | |
| K9-SPO, Officer D.C. Washington; | |
| Officer T.J. Dalinsky; | |
| Victim Jamar Byas; | |
| Bobby Warthaw, co-defendant, and | |
| Valentino Hayward, co-defendant, | |
| Defendants. | |

This is a civil action filed *pro se* by a county jail inmate.[1] Plaintiff is currently confined at the Charleston County Detention Center pending trial on armed robbery and related criminal charges. In the Complaint filed in this case, Plaintiff alleges that he was the victim of excessive force and false arrest by the various Charleston City Police Officers who are named Defendants in this case. He also claims to have been harassed by

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

City of Charleston Police and to have been the victim of defamation and assault and battery. In addition to the police officer defendants, Plaintiff also names as defendants the alleged victim of the crimes with which he is charged and the two co-defendants in his state court criminal case. It appears that his claims against the victim and co-defendants are based on their identifications of Plaintiff as the perpetrator of the crimes with which he is charged. He seeks compensatory damages and injunctive relief.

### **Pro se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are

2

assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal as to Defendants Jamar Byas; Bobby Warthaw, and Valentino Hayward under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff's excessive force/false arrest/illegal search and seizure claims are cognizable as Fourth Amendment violation claims under this court's federal-question jurisdiction pursuant to 42 U.S.C. § 1983.[2] The other claims such as defamation, false imprisonment, and assault and battery are state-based claims that are cognizable in this Court under its supplemental jurisdiction, but only if there is diversity of citizenship among the parties or a viable federal-question claim evident against the Defendant whose potential liability is being considered. *See* David D. Siegel, *Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367* (West 1993)(under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch," which, once removed, requires

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

3

dismissal of the state claims). It appears that Plaintiff and Defendants Byas, Warthaw, and Hayward are all South Carolina residents, thus precluding consideration of Plaintiff's claims against them under diversity jurisdiction. Moreover, there are insufficient allegations to establish any potentially viable claim under federal-question jurisdiction against them. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn.2–3 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. at 937; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). There are no allegations in Plaintiff's Complaint which attribute any of Defendants Byas', Warthaw's, or Hayward's actions to state action.

Furthermore, the allegations that are contained in the Complaint about these three defendants are wholly inadequate to state a viable § 1983 claim against them arising from

4

"conspiracy" with the state actors or to establish that they were somehow acting as "alter egos" of the state in connection with this case. *See Ruttenberg v. Jones*, 283 F. App'x 121 (4th Cir. 2008) (conspiracy claims must allege sufficient facts to show that defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan). Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). There are no allegations of any particular "nexus" or unusually close relationship between Defendants Byas, Warthaw, or Hayward and law enforcement officials supporting any claim of "state action" in connection with the criminal activity or witness reports of which Plaintiff complains. Because there is no viable federal claim stated against Defendants Byas, Warthaw, and Hayward under either diversity or federal-question jurisdiction, Plaintiff may not pursue any of the state-based claims against them

either, thus requiring the Complaint to be partially summarily dismissed as to these three Defendants.

### **Recommendation**

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* and without issuance and service of process against Defendants Byas, Warthaw, and Hayward only. The Complaint should be served on the remaining defendants. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

August 26, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).