IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismail Dickerson, # 15434,<br><br>                Plaintiff,<br><br>vs.<br><br>City of Charleston Police Department; Officer Sgt. L. Reed; Officer B. Wanamaker; Officer Galluccio; Officer Riccio; Officer Ambrose; K9-SPO, Officer Pitchford; K9-SPO, Officer O'Dell; K9-SPO, Officer D.C. Washington; Officer T.J. Dalinsky; Victim Jamar Byas; Bobby Warthaw, co-defendant; Valentino Hayward, co-defendant; CPD Detective Osborne; CPD Detective/Investigator Kosarko; Magistrate Mary Brown Holmes; and Charleston County Magistrate Court Administration,<br><br>                Defendants. | C/A No.: 1:10-1625-TLW-SVH<br><br>REPORT AND RECOMMENDATION |

Plaintiff, Ismail Dickerson ("Plaintiff"), a local detention center inmate, is proceeding in this matter *pro se*. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. R. 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review all pretrial matters in such cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.   Factual and Procedural History

Plaintiff raises claims of Fourth, Fifth, and Fourteenth Amendment violations against numerous Charleston County law enforcement officers and officials in both the original Complaint [Entry #1] and in the Amended Complaint [Entry #20], which is the subject matter of this Report and Recommendation. The original Complaint was served on several of the originally named defendants and they have filed an Answer through counsel [Entry #16]. By way of the Amended Complaint, Plaintiff seeks to add four additional defendants and additional factual allegations.

With regard to the two Charleston law enforcement officers named in the Amended Complaint, Plaintiff alleges that, along with the originally named defendants, they were involved in the planning of and events surrounding his arrest and incarceration in violation of his federal constitutional rights. With respect to Magistrate Holmes and the Charleston County Magistrate Court named in the Amended Complaint, Plaintiff claims that an unreasonably high bond was set and that search warrants were improperly issued against his property. The Amended Complaint contains potentially viable claims against the law-enforcement officers, but not against the judge and court. Accordingly, the Amended Complaint should be partially dismissed as to the judge and court.

II.   Discussion

A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted

pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Amended Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

B.  Analysis

To the extent Plaintiff seeks relief from Charleston County Magistrate Judge Holmes, his suit is barred by the doctrine of judicial immunity. The Fourth Circuit has previously addressed the doctrine of absolute immunity for judges as follows:

3

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985 ) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Magistrate Holmes' decisions regarding the amount of a criminal bond and whether or not to issue a search warrant are clearly part of her judicial functions as a member of the State of South Carolina's judiciary. Plaintiff asserts no allegations against Magistrate Holmes involving activities that fall outside of the performance of her

judicial duties. Thus, the Amended Complaint fails to state any viable federal civil claim against her and she should be dismissed from the case.

The Charleston County Magistrate Court and its administration[1] are likewise protected from suit by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment (i.e. protection of a state treasury) would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities, such as the Charleston County Magistrate Court, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429

---

[1] To the extent that Plaintiff intended to name the administration as being a separate entity from the court, the Amended Complaint would still be subject to summary dismissal because an administration is not a "person" who can "act under color of state law." Use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

(1997). Thus, the Charleston County Magistrate Court should also be summarily dismissed from the instant action.

III. Recommendation

Accordingly, it is recommended that the District Court dismiss the Amended Complaint in this case as to defendants Holmes and Charleston County Magistrate Court Administration without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 14, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**